John L. Rizzo, Esq. County Attorney, Genesee
You have asked whether a county legislator, whose wife is a supervisor in the county social services department, may vote on the passage of the annual budget. Second, you ask whether the same county legislator may vote on the establishment of a management salary schedule for the county.
You have explained that the county's budget includes separate accounts for personnel, equipment and contractual expenses but does not specify salaries for individuals within the personnel account. Following the adoption of the budget, the county legislature passes separate resolutions setting specific salaries for both its management and non-management employees.
In previous opinions of this office, we have emphasized that public officers have responsibility to exercise their official duties solely in the public interest (1984 Op Atty Gen [Inf] 122; Informal Opinion No.86-29). Public officers should avoid circumstances which compromise their ability to make impartial judgments. The appearance of impropriety should be avoided in order to maintain public confidence in government.
The governing body of each local government, including counties, is required to adopt a code of ethics setting forth the standards of conduct reasonably expected of their officers and employees (General Municipal Law, § 806[1]). The code of ethics is required to provide standards for officers and employees with respect to disclosure of interest in legislation before the local governing body and generally is to include other standards relating to the conduct of officers and employees of the municipality (ibid.). I suggest that you examine the county's code of ethics to determine whether any regulations therein apply to the questions you have raised.
In our view, the subject county legislator should not take part in any actions concerning the salary and terms and conditions of employment of his wife in county government. Thus, it seems clear that he should recuse himself from the establishment of a salary scale that includes the categories of employees of which his wife is a member. Further, it may be necessary for the legislator also to recuse himself from acting on the county's budget. This, however, will depend on the specifics of the county's budgetary practices. For example, if funds are included in the personnel account, which includes his wife's position, in anticipation of the raising of salaries through a revised salary scale, a conflict of interest, or at least an appearance of a conflict may occur if the legislator were to take part in the vote. Further, if non-management salary modifications serve as models for management compensation, the legislator similarly should recuse himself from participating in these determinations.
We conclude that a county legislator should recuse himself from participating in any matters affecting the salary and terms and conditions of employment of his wife with the county.